**GUAN HUA JIANG, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–2997–ag.

United States Court of Appeals, Second Circuit.

May 6, 2008.

Theodore N. Cox, New York, New York, for petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, Hon. SIDNEY H. STEIN, District Judge.[2]

### SUMMARY ORDER

Guan Hua Jiang, a native and citizen of the People's Republic of China, seeks review of a June 22, 2007 order of the BIA affirming the December 6, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiang, Guan Hua,* No. A78 746 871 (B.I.A. June 22, 2007), *aff'g* No. A78 746 871 (Immig. Ct. N.Y. City Dec. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

2. The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

the BIA's and IJ's opinions. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). Here, the BIA "agree[d]" with the IJ's conclusion that Jiang's testimony "contained a myriad of inconsistencies." Accordingly, we review both decisions. *Id.; see also Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Belortaja v. Gonzales*, 484 F.3d 619, 623 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

As an initial matter, because we disagree with Jiang's argument that our review is limited to the BIA's decision, we find that the record provides an adequate basis for our review and that Jiang's due process argument is unavailing. *See Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158–159 (2d Cir.2004) (rejecting due process challenge to BIA's summary affirmance because "an appellate court will continue to have the IJ's decision and the record upon which it is based available for review"). Moreover, we deem Jiang's claims and arguments exhausted notwithstanding his failure to file a brief to the BIA because his Notice of Appeal to the BIA alleged error in the IJ's adverse credibility determination, the BIA addressed the adverse credibility determination, and the Government does not argue to the contrary. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296–297 (2d Cir.2006) (holding

that where the BIA addresses issues not raised by a petitioner, those issues are considered exhausted and may be reviewed by this Court); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–120, 121–22, 124 (2d Cir.2007) (holding that issue exhaustion is not a jurisdictional requirement, but an "affirmative defense subject to waiver"). Finally, we decline to address the agency's denial of Jiang's past persecution claim because he did not raise it in his brief to this Court. In such circumstances, we deem the claim abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

In assessing Jiang's challenge to the agency's adverse credibility finding, we identify several errors. For example, the IJ placed significant weight on the fact that Jiang initially testified that inspectors visited his business on January 1st and subsequently testified that they visited on January 5th; however, the IJ's reliance on this discrepancy was not proper given that it was minor. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000) (characterizing as minor an applicant's inconsistency regarding the date of his arrest); *Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir.2005) (holding that an adverse credibility determination could not be based on insignificant and trivial discrepancies); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006). The IJ's finding that Jiang's testimony that the "China Inspection Bureau" inspected his business and discovered his Falun Gong materials was inconsistent with his father's letter, which identified the inspectors as "taxation bureau officers," was similarly based on a "minor" inconsistency, if these statements are to be considered inconsistent at all. Likewise, the IJ found inconsistent Jiang's testimony that his cousin took him from the prison to the hospital and then home, and a letter from Jiang's cousin indicating

that "family" took him home. It is unclear, however, whether Jiang's cousin intended to include himself when he stated that Jiang "was taken home by family."

The IJ also erred insofar as he based his adverse credibility determination on Jiang's testimony that he did not know all the movements of Falun Gong and only practiced Falun Gong for one hour a week, reasoning that "the Falun Gong material" indicated that individuals practice "on a daily basis to say the least." As the Government concedes, there is no such "Falun Gong material" in the record, and accordingly, the IJ's finding is without support. *Xiao Ji Chen,* 471 F.3d at 336. Moreover, the IJ improperly relied on Jiang's limited doctrinal knowledge as a basis for his adverse credibility determination where Jiang did not allege that he was a teacher of, or expert in, Falun Gong. *See Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006).

In addition, to the extent the agency based its adverse credibility finding on the fact that Jiang's corroborating evidence, including his bookseller license, was unauthenticated, we have held that an IJ may not reject corroborating documents solely because they were not authenticated pursuant to 8 C.F.R. § 287.6 (subsequently recodified at § 1287.6). *Cao He Lin,* 428 F.3d at 404–05. Moreover, Jiang provided an explanation for why the original document was not available to him, and the IJ provided no reasons for rejecting that explanation. *See Secaida–Rosales,* 331 F.3d at 311. Finally, to the extent the agency based the adverse credibility determination on the fact that the dates of Jiang's arrest were not mentioned in his asylum application, that reasoning was erroneous. We have stated that "[a]pplicant's failure to list in his or her initial application facts

that emerge later in testimony will not automatically provide a sufficient basis for an adverse credibility finding." *Id.* at 308.

While certain other findings relevant to credibility appear free from error, they are not so compelling as to permit us confidently to predict that, absent the identified errors, the agency would reach the same result on remand. *See Xiao Ji Chen,* 471 F.3d at 339–40. Accordingly, we grant the petition for review.

For the foregoing reasons, the petition for review is GRANTED. The BIA's decision is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.